# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHKEEM DESHAVIER WILLIAMS,<br><br>    Plaintiff,<br><br>v.<br><br>CALIFORNIA HIGHWAY PATROL OFFICER ANDERSON,<br><br>    Defendant. | CASE NO. 1:18-cv-00183-AWI-SKO<br><br>**ORDER REQUIRING PLAINTIFF TO EITHER FILE FIRST AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON FALSE ARREST CLAIM**<br><br>**(Doc. 1)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

## I.     INTRODUCTION

### A.     Background

On February 6, 2018, Plaintiff Ahkeem Deshavier Williams, proceeding *pro se*, filed a civil complaint against Defendant "California Highway Patrol Officer Anderson." (Doc. 1 ("Compl.").) Plaintiff also filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, which was granted on March 19, 2018. (Docs. 6 & 7.) As discussed below, Plaintiff has stated a cognizable false arrest claim on which he may proceed, and may be able to correct the deficiencies in his pleading on other claims. Thus, Plaintiff may either file a first amended complaint correcting the deficiencies, or advise the Court that he is willing to proceed only on his false arrest claim.

///

### B. Screening Requirement and Standard

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

The Court's screening of the Complaint under 28 U.S.C. § 1915(e)(2) is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

### C. Pleading Requirements

Under Federal Rule of Civil Procedure 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). Moreover, since plaintiff is appearing *pro se*, the Court must construe the allegations of the Complaint liberally and must afford plaintiff the benefit of any doubt. *See Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual

allegations." *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

Further, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (internal citations omitted)

## II. DISCUSSION

### A. Plaintiff's Allegations

Plaintiff asserts that he was driving on Highway 99 in Fresno, California, when he was involved in a car accident. (Compl. at 5.) California Highway Patrol ("CHP") Officer Anderson thereafter arrived on the scene and began conducting an investigation. (*Id.*) According to Plaintiff, CHP Officer Anderson claimed Plaintiff "was not in the right state of mind," which was not true. (*Id.* at 7.) Plaintiff asserts that he was not impaired and there was no alcohol in his system. (*Id.*) According to Plaintiff, there was no alcohol or drugs found in his car. Plaintiff asserts that CHP Officer Anderson "lied" when he "said I was under the combined of drugs and alcohol."

Plaintiff alleges he was arrested and ultimately taken to Fresno Regional Medical Center, where he provided a blood sample. Plaintiff reports that he "was the only person out of the three persons who got tested." (*Id.*) He thereafter went to jail. (*Id.*)

Plaintiff seeks $800,000 and "all court costs paid."

///

3

**B.  Legal Standards**

**1.    28 U.S.C. § 1983**

Although Plaintiff alleges CHP Officer Anderson violated the Fourth, Fourteenth, and Sixth Amendments (*see* Comp. at 7), the amendments to the Constitution do not create direct causes of action. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 929 (9th Cir. 2001) ("a litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution"). However, 42 U.S.C. § 1983 ("Section 1983") "is a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (plurality) (1994). Thus, an individual may bring an action for the deprivation of civil rights pursuant to Section 1983, which states in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. A plaintiff must allege facts from which it may be inferred (1) he was deprived of a federal right, and (2) a person or entity who committed the alleged violation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976).

**a.    Fourth Amendment**

Plaintiff appears to allege he was unlawfully arrested by CHP Officer Anderson. The Fourth Amendment prohibits arrests without probable cause or other justification, and provides: "The right of the people to be secure in their persons . . . against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing . . . the persons or things to be seized." U.S. Constitution, amend. IV. A claim for unlawful arrest is cognizable when the arrest is alleged to have been made without probable cause. *Dubner v. City & Cty. of San Francisco*, 266 F.3d 959, 964 (9th Cir. 2001). "Probable cause to arrest exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense

has been or is being committed by the person being arrested." *Ramirez v. City of Buena Park*, 560 F.3d 1012, 1023 (9th Cir. 2009) (quoting *United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007)).

Here, Plaintiff asserts that, after his car accident, he was not impaired, there was no alcohol in his system, and he was "in the right state of mind," yet CHP Officer Anderson nevertheless arrested him. Therefore, liberally construed, Plaintiff's allegations state a cognizable claim for false arrest in violation of his Fourth Amendment rights.

### b. Fourteenth Amendment—Equal Protection

"The Equal Protection Clause requires the State to treat all similarly situated people equally." *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008). To state an equal protection claim under section 1983, a plaintiff must typically allege that "'defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.'" *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013) (quoting *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)). Alternatively, where the claim is not that the discriminatory action is related to membership in an identifiable group, a plaintiff can establish an equal protection "class of one" claim by alleging that he as an individual "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment" in the departure from some norm or common practice. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). However, allegations that a defendant has merely done some harmful act against the plaintiff, without more, fail to state an equal protection "class of one" claim. *See Nails v. Haid*, No. SACV 12–0439 GW (SS), 2013 WL 5230689, at *3–5 (C.D. Cal. Sept. 17, 2013) (citing *Bass v. Robinson*, 167 F.3d 1041, 1050 (6th Cir. 1990); *Geinosky v. City of Chicago*, 675 F.3d 743, 747 (7th Cir. 2012) ("[T]he purpose of entertaining a 'class of one' equal protection claim is not to constitutionalize all tort law . . . .") (internal quotation marks omitted)).

Here, Plaintiff does not allege that CHP Officer Anderson "tested" him for the influence of drugs and/or alcohol *because* of Plaintiff's membership in an identifiable group or that CHP Officer Anderson treated him differently than other specifically-identified similarly situated people with no rational basis. Indeed, it is unclear whether Plaintiff is basing his equal protection

5

claim on his membership in an identifiable class—as he fails to identify the particular class to which he belongs—or as a "class of one." Plaintiff has therefore failed to state a cognizable claim for a violation of the Fourteenth Amendment's Equal Protection Clause.

### c. Fourteenth Amendment—Due Process

Without supporting facts, Plaintiff appears to allege that his arrest violated "due process." (*See* Compl. at 8.) The Due Process Clause of the Fourteenth Amendment provides, "No State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Constitution, amend. XIV § 1. This clause guarantees both procedural and substantive due process. The procedural due process component protects individuals against the deprivation of liberty or property by the government, while substantive due process protects individuals from the arbitrary deprivation of liberty by the government. *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir.1993); *Brittain v. Hansen*, 451 F.3d 982, 991 (9th Cir.2006).

A Section 1983 claim for a violation of procedural due process has three elements: "(1) a liberty or property or property interest protected by the Constitution; (2) a deprivation of the interest by the government, and (3) lack of process." *Portman*, 995 F.2d at 904. Here, it is not clear what liberty or property interest Plaintiff believes was deprived. Review of the Fresno County Superior Court docket reveals that Plaintiff was afforded procedural due process because he was provided several hearings after his arrest, was appointed counsel to represent him, and ultimately had the charges dismissed.[1] As a result, Plaintiff has not stated a cognizable claim for a deprivation of procedural due process.

The Supreme Court has said that "where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing these claims.'" *Albright*, 510 U.S. at 274 (quoting *Graham v. Connor*, 490 U.S. 386,

---

[1] The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *United States v. Bernal–Obeso*, 989 F.2d 331, 333 (9th Cir. 1993). The record of court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. *Mullis v. United States Bank. Ct.*, 828 F.2d 1385, 1388 n.9 (9th Cir.1987); *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989); *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th. Cir. 1980).

395, (1989)). When a plaintiff asserts the right to be free from arrest and prosecution without probable cause, "substantive due process, with its 'scarce and open-ended' 'guideposts,' can afford him no relief." *Id.* at 275 (plurality) (internal citation omitted). The Ninth Circuit in *Awabdy v. City of Adelanto* confirmed that "[t]he principle that *Albright* establishes is that no substantive due process right exists under the Fourteenth Amendment to be free from prosecution without probable cause." 368 F.3d 1062, 1069 (9th Cir. 2004) (citing *Albright*, 510 U.S. at 268, 271)). Thus, to the extent Plaintiff's false arrest claim is based on deprivation of his Fourteenth Amendment rights to substantive due process, it too is not cognizable. *See Hazlett v. Dean*, No. CIV 2:12–01782 WBS DAD, 2013 WL 1749924, at *2 (E.D. Cal. Apr. 23, 2013); *Chaffee v. Chiu*, No. C–11–05118–YGR, 2012 WL 1110012, at *6 (N.D. Cal. Apr. 2, 2012) (dismissing "generalized substantive due process claims under the Fourteenth Amendment" where the First and Fourth Amendments were "explicit textual sources of constitutional protection in this action").

### d. Sixth Amendment

Plaintiff appears to allege that CHP Officer Anderson's conduct in arresting Plaintiff and "test[ing]" him violated his Sixth Amendment rights. Such allegations fail to state a viable claim predicated upon the Sixth Amendment. Here, because plaintiff essentially alleges that CHP Officer Anderson falsely arrested him and selectively tested him for the influence of drugs and/or alcohol, such claims arise and are more properly analyzed under the Fourth and Fourteenth Amendments, respectively—not the Sixth Amendment. *See, e.g., Braden v. Los Angeles Police Dep't*, Case No. CV 16–7633 JVS(JC), 2017 WL 78467, at *5 (C.D. Cal. Jan. 9, 2017) (dismissing false arrest and excessive force claims predicated on the Fifth and Sixth Amendments) (citing *Albright*, 510 U.S. at 273). Indeed, the Complaint does not allege any facts that would plausibly support a viable Sixth Amendment claim against CHP Officer Anderson.[2]

### e. Malicious Prosecution

Plaintiff appears to allege that CHP Officer Anderson filed a false police report as part of this incident. Specifically, Plaintiff asserts that CHP Officer Anderson "lied" by claiming that

---

[2] Under the Sixth Amendment, an accused in a criminal prosecution is entitled to a speedy trial, an impartial jury, knowledge of the accusations against him, the ability to call and confront witnesses, and to assistance of counsel in his defense. U.S. Const. amend. VI.

7

Plaintiff was under the influence of drugs and alcohol to the Fresno County District Attorney, who in turn charged Plaintiff with violations of California Vehicle Code sections 23152(e) (driving under influence of a drug), 23152(f) (driving under the influence of alcohol and drugs), and 12500(a) (driving without a license). (*See* Compl. at 7 and Ex. 1.)

The filing of false reports during a criminal proceeding may be brought as a malicious prosecution claim. A claim for malicious prosecution or abuse of process is not generally cognizable under Section 1983 if a process is available within the state judicial system to provide a remedy. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir.1987) (citations omitted). The exception is "when a malicious prosecution is conducted with the intent to deprive a person of equal protection of the laws or is otherwise intended to subject a person to denial of constitutional rights." Id. (citations omitted). In order to prevail on a Section 1983 claim of malicious prosecution, a plaintiff "must show that the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right." *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir.1995) (citations omitted). *See also Awabdy*, 368 F.3d at 1066. Malicious prosecution actions are not limited to suits against prosecutors, but also may be "brought against other persons who have wrongfully caused the charges to be filed." *Awabdy,* 368 F.3d at 1066. (citing *Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119, 1126–27 (9th Cir. 2002)). *See also Blankenhorn v. City of Orange*, 485 F.3d 463, 482 (9th Cir. 2007) ("[a] police officer who maliciously or recklessly makes false reports to the prosecutor may be held liable for damages incurred as a proximate result of those reports").

Here, Plaintiff has not alleged facts to support such a claim, in that he fails to plead facts sufficient to show that CHP Officer Anderson "lied" to the Fresno County District Attorney for the purpose of denying Plaintiff equal protection or another specific constitutional right. Accordingly, Plaintiff has not stated a cognizable claim for malicious prosecution under Section 1983.

### f. "Obstruction of Justice"

Plaintiff appears to allege that CHP Officer Anderson's conduct in arresting him

constituted an "obstruction of justice." (*See* Compl. at 7.) To the extent Plaintiff is attempting to assert a standalone claim for "obstruction of justice," it is not cognizable because there is no private cause action for that claim. *See Najarro v. Wollman*, No. C 12–1925 PJH, 2012 WL 1945502, at *3 (N.D. Cal. May 30, 2012) (dismissing claims of "obstruction of laws," "obstruction of justice," and "perjury" because "there is no private right of action for any of those claims") (citing *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (criminal statutes "provide no basis for civil liability"); *Ellis v. City of San Diego*, 176 F.3d 1183, 1189 (9th Cir. 1999) (criminal statutes do not generally provide a private cause of action nor basis for civil liability)). *See also Albanese v. Fed. Bureau of Investigation*, No. 2:17-cv-01599-JAD-VCF, 2017 WL 2838246, at *3 n.3 (D. Nev. June 29, 2017) ("Claims for 'public corruption' and 'obstruction of justice' are mostly codified in Title 18 of the United States Code. Title 18 of the United States Code covers crimes and criminal procedures. Such criminal allegations, however, are not properly brought forth in a civil complaint. These criminal provisions provide no basis for civil liability.") (internal citations omitted).

### 2. State Law Claim

Plaintiff's Complaint contains a single reference to "false imprisonment." (*See* Compl. at 7). It is unclear, however, whether Plaintiff intends to bring a claim that is distinct from his Section 1983 false arrest claim under the Fourth Amendment. The Court will provide Plaintiff with the legal standard applicable to this claim, in the event he elects to amend his Complaint.

Under California law, false imprisonment is the "'unlawful violation of the personal liberty of another.'" *Martinez v. City of Los Angeles*, 141 F.3d 1373, 1379 (9th Cir. 1998) (quoting Asgari v. City of Los Angeles, 15 Cal.4th 744, 757 (1997)). "There are two bases for claiming false imprisonment: imprisonment pursuant to a false arrest and unreasonable delay in bringing the arrested person before a judicial officer." *Estate of Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999). The elements "'of false imprisonment are: (1) the nonconsensual, intentional confinement of a person, (2) without lawful privilege, and (3) for an appreciable period of time, however brief.'" *Young v. Cty. of Los Angeles*, 655 F.3d 1156, 1169 (9th Cir. 2011) (quoting *Easton v. Sutter Coast Hospital*, 80 Cal. App. 4th 485, 496 (Ct. App. 2000)).

9

### III. CONCLUSION AND ORDER

Plaintiff is given the choice to file a first amended complaint or to proceed on his false arrest claim and dismiss all other claims. Plaintiff must either notify the Court of his decision to proceed on his cognizable false arrest claim, or file a first amended complaint within **twenty-one (21) days** of the service of this order. If Plaintiff needs an extension of time to comply with this order, Plaintiff shall file a motion seeking an extension of time no later than **twenty-one (21) days** from the date of service of this order.

If Plaintiff chooses to file a first amended complaint, he must demonstrate how the acts complained of have resulted in a violation of Plaintiff's constitutional rights, as set forth more fully above. *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980). The first amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under Section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

A first amended complaint should be brief. Fed. R. Civ. P. 8(a). Such a short and plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. 127, 555 (2007) (citations omitted).

Plaintiff is cautioned that an amended complaint supersedes all prior complaints filed in an action, *Lacey v. Maricopa Cty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

The Court provides Plaintiff with opportunity to amend to cure the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). However, Plaintiff may not change the nature of this suit by adding new, unrelated claims in a first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

//

//

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Plaintiff's Complaint is dismissed, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **twenty-one (21) days** from the date of service of this order, Plaintiff must either:
    a. file a first amended complaint curing the deficiencies identified by the Court in this order, or
    b. notify the Court in writing that he does not wish to file a first amended complaint and wishes to proceed only on the false arrest claim as identified by the Court as viable/cognizable in this order; and
4. **If Plaintiff fails to comply with this order, he will be allowed to proceed only on his false arrest claim, and all other claims will be recommended for dismissal with prejudice**.

IT IS SO ORDERED.

Dated: **April 16, 2018**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE