# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHKEEM DESHAVIER WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CALIFORNIA HIGHWAY PATROL OFFICER ANDERSON,<br><br>　　　　Defendant. | CASE NO. 1:18-cv-00183-AWI-SKO<br><br>**ORDER REQUIRING PLAINTIFF TO EITHER NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON FALSE ARREST CLAIM OR FILE SECOND AMENDED COMPLAINT**<br><br>**(Doc. 11)**<br><br>**THIRTY (30) DAY DEADLINE** |

## I.　　INTRODUCTION

**A.　Background**

On February 6, 2018, Plaintiff Ahkeem Deshavier Williams, proceeding *pro se*, filed a civil complaint against Defendant "California Highway Patrol Officer Anderson." (Doc. 1 ("Compl.").) Plaintiff also filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, which was granted on March 19, 2018. (Docs. 6 & 7.)

On April 17, 2018, the undersigned found that Plaintiff stated a cognizable false arrest claim on which he may proceed and may be able to correct the deficiencies in his Complaint as to his other claims. (Doc. 9.) Plaintiff was provided with the applicable legal standards so that he could determine if he would like to pursue those other claims, and was granted 21 days leave to either file an amended complaint correcting the deficiencies, or advise the Court that he is willing

to proceed only on his false arrest claim. (*Id.*)

On April 26, 2018, Plaintiff filed a First Amended Complaint, which is now before the Court for screening.[1] (Doc. 11.)

### B. Screening Requirement and Standard

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

The Court's screening of the Complaint under 28 U.S.C. § 1915(e)(2) is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

### C. Pleading Requirements

Under Federal Rule of Civil Procedure 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S.

---

[1] Along with his First Amended Complaint, Plaintiff filed a "Letter to the court about state claim information" (Doc. 10), in which he indicates that he wishes to bring a state law claim for false imprisonment and requests that the Court provide him with "the form or address or legal standards to get it going." (*Id.*) Plaintiff is advised that the Court cannot give legal advice. However, the Court calls Plaintiff's attention to its prior screening order, which sets forth the applicable legal standards for pleading a false imprisonment claim under California law. (*See* Doc. 9 at 9–10.) As Plaintiff will be permitted one last opportunity to amend, he can to attempt to state a claim for false imprisonment in a second amended complaint accordance with those legal standards, if he so chooses.

662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). Moreover, since plaintiff is appearing *pro se*, the Court must construe the allegations of the Complaint liberally and must afford plaintiff the benefit of any doubt. *See Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

Further, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (internal citations omitted)

## II. DISCUSSION

### A. Plaintiff's Allegations

Plaintiff, who is African American, alleges that on October 20, 2016, he was arrested by California Highway Patrol ("CHP") Officer Anderson and taken to jail. (Doc. 11 at 2.) Plaintiff claims that these acts violated the Equal Protection Clause of the Fourteenth Amendment because they infringed upon his "right to be free from false and fabricated evidence." (*Id.*) Plaintiff alleges that CHP Officer Anderson's "suspicion" that he was impaired "is not enough for probable cause," because "the test results showed [he] had nothing in [his] system to impair [him]." (*Id.*)

3

Plaintiff alleges further that CHP Officer Anderson "deliberately mischaracterized witness statements (his) in his report" and "knowingly and willingly knew that his report would yield false information." (*Id.*)

Plaintiff also claims CHP Officer Anderson violated his Fourteenth Amendment rights when he "knowingly and willingly knew [Plaintiff] had nothing in [his] system to impair [him]" and "maliciously and recklessly filed false reports and charges." (Doc. 11 at 3.) Plaintiff further alleges that CHP Officer Anderson "knowingly and willingly violated my rights when he made false reports and charged me with a crime knowing that [Plaintiff] had nothing that was in [him] to cause a DUI charge to get filed which was malicious." (*Id.*)

Finally, Plaintiff alleges that CHP Officer Anderson arrested Plaintiff without probable cause and made false reports that Plaintiff was impaired by drugs and alcohol, when "test results prove" that he was not impaired, in violation of the Fourth Amendment. (Doc. 11 at 3.) Plaintiff seeks unspecified damages. (*Id.*)

### B. Legal Standards

#### 1. 28 U.S.C. § 1983

As pointed out in the Court's prior screening order, although Plaintiff alleges CHP Officer Anderson violated the Fourth and Fourteenth Amendments to the U.S. Constitution (*see* Doc. 11 at 2–3), those amendments do not create direct causes of action. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 929 (9th Cir. 2001) ("a litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution"). As Plaintiff pleads no basis for jurisdiction in his First Amended Complaint (unlike his original complaint), the Court will construe Plaintiff's claims as brought under 42 U.S.C. § 1983 ("Section 1983").

Section 1983 "is a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (plurality) (1994). Thus, an individual may bring an action for the deprivation of civil rights pursuant to Section 1983, which states in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the

> jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. A plaintiff must allege facts from which it may be inferred (1) he was deprived of a federal right, and (2) a person or entity who committed the alleged violation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976).

### a. Fourth Amendment

Plaintiff indicates in his First Amended Complaint that he is "willing to proceed on his false arrest claim." (Doc. 11 at 1.) The Fourth Amendment prohibits arrests without probable cause or other justification, and provides: "The right of the people to be secure in their persons . . . against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing . . . the persons or things to be seized." U.S. Constitution, amend. IV. A claim for unlawful arrest is cognizable when the arrest is alleged to have been made without probable cause. *Dubner v. City & Cty. of San Francisco*, 266 F.3d 959, 964 (9th Cir. 2001). "Probable cause to arrest exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested." *Ramirez v. City of Buena Park*, 560 F.3d 1012, 1023 (9th Cir. 2009) (quoting *United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007)).

Here, Plaintiff pleads that he was arrested by CHP Officer Anderson without probable cause to believe Plaintiff was impaired by drugs and alcohol because test results proved that he was not impaired. Although Plaintiff's First Amended Complaint lacks the additional factual detail that Plaintiff's original—now superseded—complaint contained, the Court nevertheless liberally construes the allegations in Plaintiff's First Amended Complaint to state a cognizable claim for false arrest in violation of his Fourth Amendment rights.

### b. Equal Protection

Plaintiff indicates in his First Amended Complaint that he intends to allege an equal protection claim for discrimination on the basis of race (African American) and as a "class of

one." (*See* Doc. 11 at 1.) "The Equal Protection Clause requires the State to treat all similarly situated people equally." *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008). To state an equal protection claim under Section 1983, a plaintiff must typically allege that "'defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.'" *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013) (quoting *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)). Alternatively, where the claim is not that the discriminatory action is related to membership in an identifiable group, a plaintiff can establish an equal protection "class of one" claim by alleging that he as an individual "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment" in the departure from some norm or common practice. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). However, allegations that a defendant has merely done some harmful act against the plaintiff, without more, fail to state an equal protection "class of one" claim. *See Nails v. Haid*, No. SACV 12–0439 GW (SS), 2013 WL 5230689, at *3–5 (C.D. Cal. Sept. 17, 2013) (citing *Bass v. Robinson*, 167 F.3d 1041, 1050 (6th Cir. 1990); *Geinosky v. City of Chicago*, 675 F.3d 743, 747 (7th Cir. 2012) ("[T]he purpose of entertaining a 'class of one' equal protection claim is not to constitutionalize all tort law . . . .") (internal quotation marks omitted)).

Here, Plaintiff does not allege in his First Amended Complaint that CHP Officer Anderson arrested him and/or "deliberately mischaracterized witness statements (his) in his report" because Plaintiff is African American. Nor does Plaintiff plead any facts to show that CHP Officer Anderson treated him differently than other specifically-identified similarly situated people, *e.g.*, those arrested for suspicion of being impaired by drugs or alcohol, with no rational basis for the difference in treatment. Instead, Plaintiff merely complains of harmful acts by CHP Officer Anderson, which is insufficient to state an equal protection claim. Plaintiff has therefore failed to state a cognizable claim in his First Amended Complaint for a violation of the Fourteenth Amendment's Equal Protection Clause.

### c. Malicious Prosecution

Finally, Plaintiff indicates in his First Amended Complaint that he intends to allege a claim for malicious prosecution on grounds that CHP Officer Anderson made false reports and charged

6

1 Plaintiff with a crime knowing that Plaintiff had nothing in his system that would impair him. (*See* Doc. 11 at 2–3.)

The filing of false reports during a criminal proceeding may be brought as a malicious prosecution claim. A claim for malicious prosecution or abuse of process is not generally cognizable under Section 1983 if a process is available within the state judicial system to provide a remedy. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir.1987) (citations omitted). The exception is "when a malicious prosecution is conducted with the intent to deprive a person of equal protection of the laws or is otherwise intended to subject a person to denial of constitutional rights." Id. (citations omitted). To prevail on a Section 1983 claim of malicious prosecution, a plaintiff "must show that the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right." *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir.1995) (citations omitted). *See also Awabdy*, 368 F.3d at 1066. Malicious prosecution actions are not limited to suits against prosecutors, but also may be "brought against other persons who have wrongfully caused the charges to be filed." *Awabdy,* 368 F.3d at 1066. (citing *Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119, 1126–27 (9th Cir. 2002)). *See also Blankenhorn v. City of Orange*, 485 F.3d 463, 482 (9th Cir. 2007) ("[a] police officer who maliciously or recklessly makes false reports to the prosecutor may be held liable for damages incurred as a proximate result of those reports").

Again, Plaintiff has pleaded no facts to support such a claim. First, Plaintiff fails to plead in his First Amended Complaint to *whom* CHP Officer Anderson's reports were made, *i.e.*, a prosecutor. Second, although Plaintiff's allegations that CHP Officer Anderson knew his reports were false when made may be sufficient to plead that Plaintiff was prosecuted with malice and without probable cause, the First Amended Complaint alleges no facts sufficient to show that CHP Officer Anderson made such false reports for the purpose of denying Plaintiff equal protection or another specific constitutional right. Accordingly, Plaintiff has not stated a cognizable claim for malicious prosecution under Section 1983.

///

### III. CONCLUSION AND ORDER

Plaintiff indicates in his First Amended Complaint that "if the Court believes [his equal protection and malicious prosecution claims] aren't [cognizable], Plaintiff is willing to proceed on his false arrest charge." (Doc. 11 at 3.) However, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lacey v. Maricopa Cty.*, 693 F.3d 896, 926 (9th Cir. 2012) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). The Court will therefore give Plaintiff **one last opportunity** to amend, or Plaintiff may elect to proceed on his false arrest claim and dismiss his equal protection and malicious prosecution claims.[2] Plaintiff must either notify the Court of his decision to proceed on his cognizable false arrest claim, or file a second amended complaint within **thirty (30) days** of the service of this order. If Plaintiff needs an extension of time to comply with this order, Plaintiff shall file a motion seeking an extension of time no later than **thirty (30) days** from the date of service of this order.

**Plaintiff is cautioned that an amended complaint supersedes all prior complaints filed in an action,** *Lacey v. Maricopa Cty.***, 693 F.3d 896, 907 n.1 (9th Cir. 2012), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.** In addition, Plaintiff may not change the nature of this suit by adding new, unrelated claims in a second amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Plaintiff's First Amended Complaint (Doc. 11) is dismissed, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:
    a. file a second amended complaint curing the deficiencies identified by the Court in this order, or
    b. notify the Court in writing that he does not wish to file a second amended

---

[2] Plaintiff's claims for "obstruction of justice" and for violations of due process and the Sixth Amendment have dropped from his First Amended Complaint. (*See* Doc. 11 at 1.)

complaint and wishes to proceed only on the false arrest claim as identified by the Court as viable/cognizable in this order, dismissing all other claims; and

4. **If Plaintiff fails to comply with this order, he will be allowed to proceed only on his false arrest claim, and all other claims will be recommended for dismissal with prejudice.**

IT IS SO ORDERED.

Dated: **May 24, 2018**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE