# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHKEEM DESHAVIER WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA HIGHWAY PATROL OFFICER ANDERSON,<br><br>Defendant. / | **Case No. 1:18-cv-0183-AWI-SKO**<br><br>**ORDER (1) DENYING REQUEST TO "FORCE" CALIFORNIA HIGHWAY PATROL TO IDENTIFY ARRESTING OFFICER AND (2) DIRECTING PLAINTIFF TO SUPPLEMENT RECORD**<br><br>**(Doc. 26)**<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff, Ahkeem Deshavier Williams, is proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983 ("section 1983") arising out of his arrest on October 20, 2016, by an officer with the California Highway Patrol (CHP). The Court previously found service of the First Amended Complaint on named defendant CHP Officer Anderson appropriate and directed Plaintiff to complete and submit to the Court a Notice of Submission of Documents and attachments for service upon by the United States Marshals Service. (Doc. 16.) Plaintiff submitted the documents to the Court on July 9, 2018 (Doc. 19), and on July 24, 2018, the Court directed service by the Marshals Service on CHP Officer Anderson (Doc. 21).

On July 26, 2018, the Marshals Service submitted a "Process Receipt and Return" form, which indicated that the CHP office was contacted and it "do[es] not have now, nor at the time of the incident, an officer named Anderson." (Doc. 23.) The CHP did not accept service of Plaintiff's summons and First Amended Complaint. (*See id*.)

The Court thereafter granted Plaintiff an additional sixty days to determine the correct name of the named defendant and to effect service of the summons and the First Amended Complaint on that individual. (Doc. 24.)

On August 17, 2018, Plaintiff filed a motion indicating that he cannot afford the fee to obtain a copy of the incident report from the CHP and requesting that the Court "force" the CHP to identify the name of his arresting officer and "stop wasting court time." (*See* Doc. 26.) Plaintiff alternatively requests that if the Court isn't "willing to force the agency to give up the name" of the arresting officer, that his deadline for service be extended until January 22, 2019, five days after his release from prison on January 17, 2019, which would "give[] him time to buy the report and get the name." (*See id.*)

While sympathetic to Plaintiff's situation, particularly in light of his status as a pro se litigant proceeding *in forma pauperis*, this Court lacks the authority to "force" or compel the CHP to identify the name of Plaintiff's arresting officer, nor can it order the CHP to waive the fee for obtaining an incident report. Accordingly, Plaintiff's motion to the extent it requests such relief shall be denied.

The Court is willing to consider an additional enlargement of time so that Plaintiff can collect the funds necessary to obtain a copy of the incident report from the CHP and to effect service of the First Amended Complaint on the arresting officer. However, additional information is needed so that the Court may determine the available and appropriate relief, considering the applicable statute of limitations period for his section 1983 false arrest claim. Plaintiff shall supplement the record with such information, as set forth more fully below.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion (Doc. 26) is DENIED to the extent it requests that the Court compel the CHP to identify the name of Plaintiff's arresting officer and/or waive the fee for obtaining Plaintiff's incident report;

2. Plaintiff's motion (Doc. 26) seeking an enlargement of time until January 22, 2019, to determine the correct name of the named defendant and to effect service of the summons and the First Amended Complaint on that individual, is DEFERRED until receipt and review of additional information from Plaintiff, as set forth below;

3. Within **thirty (30) days** from the date of this order, Plaintiff shall file:

    a. a list of all institutions where Plaintiff was incarcerated from October 20, 2016 (the date of the incident giving rise to this lawsuit) to present, along with the date and duration of each period of incarceration, so that the Court can determine the applicable statute of limitations period for his section 1983 false arrest claim;

    b. a statement certified by the California Department of Corrections and Rehabilitation showing all receipts, expenditures, and balances for Plaintiff during the last six months[1], as well as a similar statement from any other institution where Plaintiff was incarcerated during the last six months; and

    c. a brief statement explaining how Plaintiff expects collect the funds necessary to obtain the CHP incident report in the intervening five days between his release from prison (January 17, 2019) and his requested deadline to serve First Amended Complaint on the arresting officer (January 22, 2019).

4. **The failure to comply with this order will result in a recommendation that this action be dismissed**.

IT IS SO ORDERED.

Dated: **August 20, 2018**　　　　　　　　　　/s/ *Sheila K. Oberto*
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff filed a Notice of Change of Address on August 15, 2018, indicating he is currently imprisoned at California State Prison in Wasco. (*See* Doc. 25.)