# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHKEEM DESHAVIER WILLIAMS, | **Case No. 1:18-cv-0183-AWI-SKO** |
| Plaintiff, | |
| v. | **ORDER DENYING MOTIONS FOR EXTENSION OF TIME AND TO SHOW CAUSE WHY CASE SHOULD NOT BE RECOMMENDED FOR DISMISSAL** |
| CALIFORNIA HIGHWAY PATROL OFFICER ANDERSON, | |
| Defendant. / | **(Docs. 28 & 29)** |
| | **FORTY-FIVE DAY DEADLINE** |

## I. BACKGROUND

Plaintiff Ahkeem Deshavier Williams, a prisoner at California State Prison in Wasco, is proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983 ("section 1983") arising out of his arrest on October 20, 2016, by an officer with the California Highway Patrol (CHP). The Court previously found service of the First Amended Complaint on named defendant CHP Officer Anderson appropriate and directed Plaintiff to complete and submit to the Court a Notice of Submission of Documents and attachments for service upon by the United States Marshals Service. (Doc. 16.) Plaintiff submitted the documents to the Court on July 9, 2018 (Doc. 19), and on July 24, 2018, the Court directed service by the Marshals Service on CHP Officer Anderson (Doc. 21).

On July 26, 2018, the Marshals Service submitted a "Process Receipt and Return" form, which indicated that the CHP office was contacted and it "do[es] not have now, nor at the time of the incident, an officer named Anderson." (Doc. 23.) The CHP did not accept service of Plaintiff's

summons and First Amended Complaint. (*See id*.)

On July 12, 2018, Plaintiff filed a letter to the Court indicating that he contacted CHP to obtain a copy of the incident report to "make sure the defendant listed in this suit name is Anderson and to get his full name I believe it was." (Doc. 20.) Plaintiff indicated that the cost of obtaining the report is $10.50, but that his "funds [are] low." (See id.) The Court construed Plaintiff's letter as a request for additional time to effect service and, based on his representation of lack of funds, granted him an additional sixty days to determine the correct name of the named defendant and to effect service of the summons and the First Amended Complaint on that individual. (*See* Doc. 24.)

On August 17, 2018, Plaintiff filed a motion indicating that he cannot afford the fee to obtain a copy of the incident report from the CHP and requesting that the Court "force" the CHP to identify the name of his arresting officer and "stop wasting court time." (*See* Doc. 26.) Plaintiff alternatively requested that if the Court isn't "willing to force the agency to give up the name" of the arresting officer, that his deadline for service be extended until January 22, 2019, five days after his release from prison on January 17, 2019, which would "give[] him time to buy the report and get the name." (*See id*.)

On August 21, 2018, the Court found that it lacked the authority to "force" or compel the CHP to identify the name of Plaintiff's arresting officer and denied Plaintiff's motion to the extent it requested such relief. (Doc. 27.) The Court further indicated it was "willing to consider an additional enlargement of time so that Plaintiff can collect the funds necessary to obtain a copy of the incident report from the CHP and to effect service of the First Amended Complaint on the arresting officer," but that "additional information is needed so that the Court may determine the available and appropriate relief." (*Id*.) The Court directed Plaintiff to supplement the record with (1) a list of all institutions where Plaintiff was incarcerated from October 20, 2016 (the date of the incident giving rise to this lawsuit) to present, along with the date and duration of each period of incarceration; (2) a statement certified by the California Department of Corrections and Rehabilitation showing all receipts, expenditures, and balances for Plaintiff during the last six months, as well as a similar statement from any other institution where Plaintiff was incarcerated during the last six months; and (3) a brief statement explaining how Plaintiff expects collect the

funds necessary to obtain the CHP incident report in the intervening five days between his release from prison (January 17, 2019) and his requested deadline to serve First Amended Complaint on the arresting officer (January 22, 2019). (*Id.*) The order stated that "**[t]he failure to comply with this order will result in a recommendation that this action be dismissed**." (*Id.* (emphasis in original).)

On September 18, 2018, Plaintiff filed a "motion to extend time to return summons to the courts" requesting that the Court "postpone" the case until January 31, 2019, because CDCR has refused to grant his request to "send out the money for the [CHP incident] report."[1] (Doc. 29.) Plaintiff attached to his motion his requests to prison officials requesting that payment be sent from his CDCR trust account to the CHP. (*See id.* Exhs. 1, 2.) Plaintiff also attached to his motion correspondence with CDCR staff regarding his date of imprisonment (*see id.* Exh. 3) and his trust account statement from March 1 through August 23, 2018 (*see id.* Exh. 4).

## II. DISCUSSION

Plaintiff's "motion" does not comply with the Court's August 21, 2018 order. Although there is some information regarding Plaintiff's "date of arrival" at California State Prison in June 2018, there is no information indicating any institutions where Plaintiff was incarcerated prior to that time, including the time he was in the custody of Kings County Jail. (*See* Doc. 8 (notice of change of address).) Without this information, the Court cannot determine the applicable statute of limitations period for his section 1983 false arrest claim.

Nor has Plaintiff provided a statement explaining how he expected to collect the funds necessary to obtain the CHP incident report in the intervening five days between his release from prison (January 17, 2019) and his requested deadline to serve First Amended Complaint on the arresting officer (January 22, 2019). The failure to provide such statement may be explained by reference to Plaintiff's trust account statement, which demonstrates that, at the time he requested the Court enlarge the deadline for service be extended until January 22, 2019, to "give[] him time to buy the report and get the name" (unless he "got the money" beforehand), Plaintiff had $46.84 in

---

[1] Plaintiff filed a similar motion for extension of time on August 27, 2018, presumably prior to receipt of the Court's August 21, 2018 order. (Doc. 28.) Because both motions seek the same relief, the Court treats them together.

his account and could afford to purchase the CHP incident report.  (*See* Doc. 29 Exh. 4 (showing balance of $46.84 as of July 27, 2018).)  Plaintiff's trust account balance was $71.34 as of August 23, 2018.  (*See id*.)  Thus, it does not appear Plaintiff would need to "collect the funds necessary to obtain the CHP incident report," as he already has those funds available to him and has had them available for some time—despite his representations to the Court to the contrary.

### III.  ORDER

Accordingly, it is **HEREBY ORDERED** that **within forty-five (45) days of the date of service of this order**, Plaintiff shall show cause why this action should not be dismissed for failure to comply with the Court's August 21, 2018, order and for want of prosecution.  (*See* Doc. 27.)  Alternatively, Plaintiff may file a Notice of Submission of Documents and attachments for service of the First Amended Complaint upon the correct defendant by the United States Marshals Service.  Plaintiff's motions for extension of time (Docs. 28 & 29) are DENIED.

IT IS SO ORDERED.

Dated:  **September 21, 2018**          /s/ *Sheila K. Oberto*
                                    UNITED STATES MAGISTRATE JUDGE