# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHKEEM DESHAVIER WILLIAMS,<br>Plaintiff,<br>v.<br>CALIFORNIA HIGHWAY PATROL OFFICER ANDERSON,<br>Defendant. | Case No. 1:18-cv-0183-AWI-SKO<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE, DIRECTING SERVICE ON LITIGATION COORDINATOR, AND DIRECTING PLAINTIFF TO FILE EITHER PROOF OF REQUEST FOR INCIDENT REPORT OR NOTICE OF VOLUNTARY DISMISSAL**<br><br>**(Docs. 30 and 33)**<br><br>**TWENTY-ONE DAY DEADLINE** |

## I. BACKGROUND

Plaintiff Ahkeem Deshavier Williams, a prisoner at California State Prison in Wasco, is proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983 ("section 1983") arising out of his arrest on October 20, 2016, by an officer with the California Highway Patrol (CHP).

On August 21, 2018, the Court issued an order directing Plaintiff to supplement the record with (1) a list of all institutions where Plaintiff was incarcerated from October 20, 2016 (the date of the incident giving rise to this lawsuit) to present, along with the date and duration of each period of incarceration; (2) a statement certified by the California Department of Corrections and Rehabilitation showing all receipts, expenditures, and balances for Plaintiff during the last six months, as well as a similar statement from any other institution where Plaintiff was incarcerated during the last six months; and (3) a brief statement explaining how Plaintiff expects collect the

funds necessary to obtain the CHP incident report to identify the correct name of the defendant in the intervening five days between his release from prison (January 17, 2019) and his requested deadline to serve First Amended Complaint on the arresting officer (January 22, 2019). (Doc. 27.) The order stated that "**[t]he failure to comply with this order will result in a recommendation that this action be dismissed**." (*Id.* (emphasis in original).)

On September 18, 2018, Plaintiff filed a "motion to extend time to return summons to the courts" requesting that the Court "postpone" the case until January 31, 2019, because CDCR has refused to grant his request to "send out the money for the [CHP incident] report." (Doc. 29.) Despite the Court's August 21, 2018, order, Plaintiff did not provide a list of institutions where he was incarcerated and the duration of incarceration. Plaintiff also failed to provide a statement explaining how he expected to collect the funds necessary to obtain the CHP incident report in the intervening five days between his release from prison (January 17, 2019) and his requested deadline to serve First Amended Complaint on the arresting officer (January 22, 2019), which the Court surmised could be explained by reference to Plaintiff's trust account statement, which demonstrated that, at the time he requested the Court enlarge the deadline for service be extended until January 22, 2019, to "give[] him time to buy the report and get the name" (unless he "got the money" beforehand), Plaintiff had $46.84 in his account and could afford to purchase the CHP incident report. (*See* Doc. 29 Exh. 4 (showing balance of $46.84 as of July 27, 2018).) The Court further noted Plaintiff's trust account balance was $71.34 as of August 23, 2018, and therefore that it did not appear Plaintiff would need to "collect the funds necessary to obtain the CHP incident report," as he already has the $10.50 it costs to obtain the CHP report available to him and has that amount available for some time—despite his representations to the Court to the contrary. (*See id.*)

On September 24, 2018, the Court issued an order denying Plaintiff's request for an extension of time directing Plaintiff to show cause why this action should not be dismissed for failure to comply with the Court's August 21, 2018, order and for want of prosecution (the "OSC"). (Doc. 30.) Plaintiff's response to the OSC is due November 13, 2018. (*See id.*)

On October 3, 2018, Plaintiff filed a "motion" indicating that he was informed by the "prison official counsler [sic] trust officer" that they cannot assist him in obtaining the report from CHP and

thus "there is no way [he] can get the [CHP] report" until he is released from prison in January 17, 2019. (Doc. 33.) The "motion" further indicated that the Court was unwilling to grant an enlargement of time until January 2019, he will voluntarily dismiss the case. (*See id.*) Included in Plaintiff's "motion" is the requested information relating to his incarceration.

## II. DISCUSSION

The Court construes the "motion" filed by Plaintiff on October 3, 2018 (Doc. 33) not as a motion but instead a response to the Court's OSC. In view of Plaintiff's compliance with the OSC, it shall be discharged.

The Court is concerned by Plaintiff's representations that he is unable withdraw $10.50 from his prison trust account so that can proceed to obtain the incident report from CHP. The Court shall enlist the assistance of the Litigation Coordinator at Wasco State Prison to help facilitate the disbursement of Plaintiff's funds to him. Within the specified time period, Plaintiff shall submit proof that he has mailed his request for the incident report to CHP along with proper payment or dismiss his case subject to being refiled once Plaintiff has obtained the name of the correct defendant.

## III. ORDER

Accordingly, it is HEREBY ORDERED that:

1. The OSC (Doc. 30) is DISCHARGED;
2. The Clerk of Court is DIRECTED to serve a copy of Plaintiff's "motion" filed October 3, 2018 (Doc. 33), and a copy of this order on the Litigation Coordinator at Wasco State Prison. The Litigation Coordinator SHALL provide whatever assistance as is necessary to facilitate disbursement of $10.50 from Plaintiff's trust account to him.
3. **Within twenty-one (21) days** from the date of service of this order, Plaintiff must either file:
    a. proof of mailing to CHP of the request for the incident report with proper payment, or
    b. a notice of voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1).

3

4. **Failure to comply with this order will result in a recommendation that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b) and Local Rules 110 and 183(a).**

IT IS SO ORDERED.

Dated: **October 10, 2018**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE